# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DUSTIN L. McMILLAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. CV411-238 |
| SHERIFF CLYDE R. SMITH, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Presently before the Court is Dustin L. McMillan's 28 U.S.C. § 2254 petition, which challenges a July 14, 2011 conviction for child molestation and enticing a child for indecent purposes. (Doc. 1 at 1.) He seeks to proceed *in forma pauperis* and has demonstrated that he is unable to pay the filing fee (doc. 6), so leave to proceed *in forma pauperis* is **GRANTED**. Nevertheless, as it plainly appears from the face of his petition that petitioner has failed to exhaust available state remedies, the petition should be summarily **DISMISSED**.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant

has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, petitioner acknowledges that he filed no direct appeal of his conviction and has yet to petition the state courts for a writ of habeas corpus. (Doc. 1 at 2-3.) By his own admission, then, McMillan has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. *O'Sullivan*, 526 U.S. at 845 (a state prisoner must allow the state court an opportunity to correct a constitutional error "by invoking one complete round of the State's established appellate review process" before a federal court may consider the case.). Since it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.

Finally, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  2nd  day of November, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA